## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JARED HESTER,** | } Case: 1:25-cv-03587 JURY DEMAND |
| Plaintiff, | } Assigned To : Unassigned |
| | } Assign. Date : 10/1/2025 |
| vs | } Description: Employ. Discrim. (H-DECK) |
| | } |
| **WASHINGTON GLOBAL** | } COMPLAINT |
| **PUBLIC CHARTER SCHOOL,** | } JURY DEMAND |
| Defendant. | } |

## I.   COMPLAINT

Plaintiff Jared Hester ("Plaintiff"), for his Complaint against Defendant Washington Global Public Charter School ("Defendant" or "the School"), alleges as follows:

## II.   PARTIES

1. Plaintiff Jared Hester is a resident of Silver Spring, Maryland.

2. Defendant Washington Global Public Charter School ("the School") is a public charter school located in Washington, D.C., and at all times relevant employed staff responsible for human resources and hiring decisions.

## III.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343, because this action arises under federal statutes, including Title VII of the Civil Rights Act of 1964.

4. Venue is proper in the U.S. District Court for the District of Columbia under 28 U.S.C. § 1391, because the unlawful employment practices alleged were committed in the District of Columbia.

## IV.   FACTS

5. On August 13, 2024, Plaintiff applied for a teaching position at Washington Global Public Charter School through the website Indeed.com.

6. On August 14, 2024, the School, through its HR staff member Diana Gabriel ("Ms. Gabriel" / "HR" / human resources / human resources staff), offered Plaintiff an interview scheduled for August 15, allowing Plaintiff to select a time between 9:00 am and 2:00 pm. Defendant gave Plaintiff reasonable expectation of consideration for employment by expressing enthusiasm about Plaintiff's application, stating, "Good morning! Thank you for your interest in working at Washington Global! [...] Thank you! I look forward to hearing from you soon!" using multiple exclamation marks and replying within less than 24 hours from the time of his application.

7. On August 14, 2024, the School interviewed another candidate at 1:00 pm and extended an offer of employment to her around 3:00 pm, which the School alleges she accepted verbally without signing an offer letter.

8. At 4:04 p.m. on August 14, 2024, Defendant's human resources staff read an electronic message from Plaintiff raising concerns over a Google review that complained about students using a slur to refer to a gay man who was walking past. In Plaintiff's message he asked for context on the incident because he is a presumably gay man and has experienced sexual orientation harassment prior. Plaintiff stated that he was looking for a school that was safe for a gay people to work. However, the Google complaint suggested the School may not have been so Plaintiff chose to inquire.

9. The message to Ms. Gabriel asking for more information about a homophobic incident constituted a protected activity under Title VII of the Civil Rights Act of 1964. Defendant did not respond to Plaintiff's message but a read receipt was visible.

10. At 9:00 am on August 15, 2024, the other candidate formally signed an offer letter for the role.

11. On September 2, 2024, Plaintiff followed up on his previous message. Defendant again read the message from Plaintiff but did not respond.

12. Defendant did not interview or hire Plaintiff for the role or any other role.

13. The School subsequently disabled online reviews that referenced concerns about discrimination, harassment, and bullying, such as those found on Google.com and Niche.com.

14. The temporal proximity between Plaintiff's protected activity on August 14 and September 2, 2024, and Defendant's adverse employment action in the form of failure to interview or hire Plaintiff, supports a causal inference of retaliation. The adverse employment action occurred within hours of Defendant learning of Plaintiff's protected activity.

## V.    CAUSES OF ACTION

### Count I – Retaliation (Title VII, 42 U.S.C. § 2000e-3(a))

15. Plaintiff incorporates paragraphs 1–14 as if fully set forth herein.

16. Plaintiff engaged in protected activity by raising concerns about discrimination.

17. Defendant had knowledge of Plaintiff's protected activity, as evidenced by HR staff reading Plaintiff's messages on August 14 and September 2, 2024.

18. Defendant took adverse employment action against Plaintiff by failing to interview or hire him and instead moving forward with another candidate.

19. The adverse action occurred shortly after Defendant learned of Plaintiff's protected activity, supporting an inference of retaliation.

20. Defendant's conduct violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
a. Enter judgment in his favor and against Defendant;
b. Award compensatory damages for lost wages, emotional distress, and other harm;
c. Award punitive damages as permitted by law;
d. Award reasonable attorneys' fees and costs, if applicable;
e. Grant such other relief as the Court deems just and proper.

### JURY DEMAND
Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jared Hester

Jared Hester PRO SE
1200 E West Hwy, Apt 205
Silver Spring, MD 20910

(240) 353-8821
jrdhester@gmail.com

---

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing complaint will be served upon Defendant's counsel, Mike L. Stevens, at ArendtFox Shiff LLP, 1717 K St NW, Washington, DC 20006, by certified mail, in accordance with Federal Rule of Civil Procedure 4 and 5, after filing with the Court.

/s/ Jared Hester

Jared Hester, PRO SE

1200 E West Hwy, Apt 205

Silver Spring, MD 20910

(240) 353-8821

jrdhester@gmail.com